J-S70023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JONATHAN ERIC OVENS :
:
Appellant : No. 310 MDA 2017

Appeal from the PCRA Order January 5, 2017
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001373-2011

BEFORE: GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.: **FILED JANUARY 12, 2018**

Appellant, Jonathan Eric Ovens, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

Appellant began sexually assaulting his stepdaughter, B.B., when the child was seven years old and continued to do so over a period of years. *Commonwealth v. Ovens*, 96 A.3d 1091, 894 MDA 2013 (Pa. Super. filed January 23, 2014) (unpublished memorandum at 1). A jury convicted Appellant of aggravated indecent assault of a child, indecent assault of a person less than thirteen years of age, endangering the welfare of children,

and corruption of minors[1] on December 8, 2011. On June 5, 2012, the trial court imposed an aggregate sentence of twelve years, ten months to twenty-eight years of imprisonment, followed by four years of special probation. N.T. (Sentencing), 6/5/12, at 9. This Court affirmed the judgment of sentence on January 23, 2014. *Ovens*, 894 MDA 2013 (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.

Appellant filed a *pro se* PCRA petition on August 11, 2015. On September 25, 2015, the PCRA court appointed counsel, who sought to withdraw on January 19, 2016, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), asserting that the PCRA petition was untimely. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition on August 11, 2016, and granted counsel's motion to withdraw that day. Appellant did not respond to the notice of intent to dismiss, and the PCRA court dismissed Appellant's petition on January 5, 2017. Appellant filed the instant timely appeal.[2] Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

---

[1]  18 Pa.C.S. §§ 3125(b), 3126(a)(7), 4304(a)(1), and 6301(a)(1)(i), respectively.

[2]  Appellant's notice of appeal was dated February 1, 2017, but docketed February 16, 2017. Initially, this Court quashed the appeal as untimely on
*(Footnote Continued Next Page)*

Appellant raises the following issues on appeal:

1. Counsel was ineffective for failing to request the recusal of the presiding judge who sat on the children and youth board.

2. The Commonwealth witness Amy Kellogg made false statement under oath to the Court and Counsel failed to object to the truthfulness.

3. Counsel was ineffective in failing to petition for psychiatric evaluations of both appellant and the victim.

4. Trial Counsel failed to object to the credibility of the victim during the preliminary hearing.

5. Appellant contends that Trial Counsel was ineffective in failing to present character witnesses requested by appellant in order to show appellant['·]s good character.

6. Appellant['s] Counsel was ineffective in failing to file a Direct Appeal with issues entailing the trial, rather than a [F]inley appeal[.]

7. Trial Counsel rendered ineffective assistance of counsel in failing to investigate and interview the victim['·]s teachers and counselors regarding the victim['·]s behavior.

8. Appellant avers that post conviction counsel rendered ineffective assistance of counsel in failing to raise issues of merit, investigate, and correspond with appellant, however, counsel file[d] a [F]inley letter without investigating the issues presented to the court, thus counsel rendered ineffective assistance of counsel.

Appellant's Brief at unnumbered 2.

_(Footnote Continued)_ ─────────────────

May 3, 2017. We reinstated the appeal on May 19, 2017, following our receipt of Appellant's application for reconsideration and his submission of a cash slip showing deduction of postage from his prison account dated February 2, 2017.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014). Moreover, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting **Commonwealth v. Barbosa**, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

In order to be considered timely, a first, or any subsequent PCRA petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). The PCRA's time-for-filing requirements are mandatory and jurisdictional in nature, and a court may not ignore them in order to reach the merits of the petition.

*Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). For purposes of the PCRA, a judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, the time for seeking review in the Supreme Court of Pennsylvania expired on Monday, February 24, 2014,[3] thirty days after this Court affirmed the judgment of sentence January 23, 2014. Pa.R.A.P. 1113(a). Thus, in order to be timely under the PCRA, Appellant was required to file his PCRA petition on or before Tuesday, February 24, 2015. Because Appellant did not file the instant PCRA petition until August 11, 2015, the petition is patently untimely.

If a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1).[4] If a

_____

[3] Because the thirtieth day fell on Saturday, February 22, 2014, the appeal period expired on the following Monday. 1 Pa.C.S. § 1908 (whenever the last day of any time period referred to in a statute falls on a Saturday, Sunday, or legal holiday, we omit that day from the computation).

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001). "We have repeatedly stated it is the [petitioner's] burden to allege and prove that one of the timeliness exceptions applies. Whether [a petitioner] has carried his burden is a threshold inquiry prior to considering the merits of any claim." ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013) (internal citation omitted).

Appellant failed to plead, much less prove, any exception to the PCRA's timeliness requirement. In his brief, Appellant asserts issues alleging the ineffective assistance of prior counsel. Our Supreme Court has made clear, however, that "a claim of ineffective assistance of counsel does not

*(Footnote Continued)* ———————————

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

save an otherwise untimely petition for review on the merits." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999); **see also Commonwealth v. Perrin**, 947 A.2d 1284, 1287 (Pa. Super. 2008) (a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on merits).[5]

Accordingly, Appellant's PCRA petition was untimely, no exceptions apply, the PCRA court lacked jurisdiction to grant relief in this matter, and it properly dismissed Appellant's PCRA petition as untimely. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

---

[5] The PCRA court properly addressed Appellant's final issue that PCRA counsel improperly filed a petition pursuant to **Commonwealth v. Finley**, PCRA Court Opinion, 4/21/17, at 6–7, nor does the claim "assert or prove any facts that would give rise to the exceptions to the jurisdictional time bar of the PCRA." **Id**. at 6.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/12/2018</u>